## MORSE *v.* COLLEY & Tr.

One who has given his negotiable note to a debtor, payable on demand, to be indorsed by the latter, to be held for the security of one who has contingent claims against the debtor, is not the trustee of such debtor, though such contingent claims are otherwise extinguished, and although the debtor has given him a note for an equal sum, payable at a future day, in consideration of the first note, as security for any sum which he might have to pay by reason of it.

FOREIGN ATTACHMENT. The facts of the case, as discovered by the disclosure of the trustee, are sufficiently stated in the opinion of the court.

*D. Clark*, for the plaintiff.

*Wilkins*, for the defendant.

WOODS, J. The trustee in the present case has given a note to the principal defendant for $300, payable on demand. He has done this, not because he owed him that sum of money, nor for the purpose of furnishing evidence

that the maker held that or any other sum belonging to the defendant; but he has done it for the accommodation of the defendant, and to enable him to give such assurance to Mrs. Kimball as would induce her to relinquish her claim on certain land which he had undertaken to convey to another, and which he would otherwise have been unable to convey.

In the hands of the holder, the note was a valid security, and the evidence of a debt against the trustee, to the extent of satisfying the particular objects for which it was given. These were, the payment of a certain mortgage and the removal of certain attachments that had been laid upon land that the defendant had conveyed to Mrs. Kimball. Beyond this it did not constitute the ground of any claim in behalf of the holder against the trustee.

These objects were satisfied. The mortgage, against which the note was to stand as indemnity, was paid in a manner that does not appear. The attachments were removed by the purchase of the equity upon the execution, with money furnished by the trustee. So the holder, Mr. Wilkins, has no further occasion to retain the note, or right to recover any thing of the trustee on account of it.

But it is said that, although the note was given by the trustee to serve certain purposes of Colley, the defendant, the latter paid value for it; and upon the discharge of the trusts for which it was held by Wilkins the note should be restored to the defendant, or at least be held in trust for him; and that in such case the trustee would really be his debtor to the extent of the unpaid balance.

This would be the case if Colley had really paid value; but he has not done so. He has given his note to the trustee, of the same date and for the same sum, payable in a year, and no other consideration whatever. The giving of these two cross securities was one transaction. The payment of one was contingent upon the payment of the other. In an action by the trustee against the defendant

upon the note given by the latter, the consideration may be inquired into ; and upon its appearing that it was no other than the note which the trustee had given him, to be lodged with Wilkins for the purposes of a trust that did not exhaust the security, and that Cragin, the trustee, had not been required to pay it all, that would be a good defence to the extent of the unpaid part.

This is not a case in which the trustee owes the principal a debt payable when the writ is served, and seeks to protect himself by a claim not yet due, which he holds against the debtor by way of a set-off. Such a case would present a different question from that which here arises.

Here the trustee can, in no just sense, be deemed the debtor of the defendant. He has no money or other thing belonging to the defendant, and must, therefore, be discharged. 						*Trustee discharged.*